UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| STANLEY JEROME GREEN | ) | |
| | ) | |
| v. | ) | No. 3:08-0784 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |


MEMORANDUM AND ORDER

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Docket No. 1). Through the Motion, the Petitioner challenges his conviction and sentence on the grounds that he received the ineffective assistance of counsel. The Government has filed a Response (Docket No. 3) to the Motion.

After filing the Motion, the Petitioner requested certain discovery, which the Court granted (Docket No. 10). Through a subsequent series of orders, the Court set various deadlines for the Petitioner to file any supplement to his Motion. (Docket Nos. 14, 16, 21, 25, 32). In the most recent Order (Docket No. 32), the Court ordered the Petitioner to file a supplemental brief or make such other filing in support of his Motion To Vacate, on or before April 15, 2010, and warned that failure to do so would result in dismissal of the action, without prejudice, for failure to prosecute. As of the date of this Order, Petitioner has not filed a supplemental brief in support of his Motion To Vacate.

Plaintiff has, however, now filed a Motion To Modify Special Conditions of Supervised Release (Docket No. 36). Through the Motion, the Petitioner indicates that he has begun serving

his three-year term of supervised release, and requests that the Court modify the condition of supervised release that limits his access to computers. The Court addresses that request below.

As the Petitioner is no longer pursuing the grounds for relief originally set forth in his Motion To Vacate (Docket No. 1), the claims raised in the Motion are DISMISSED, without prejudice, for failure to prosecute.

## II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in an Indictment with conspiracy to commit bank fraud and to possess and utter counterfeit securities, in violation of 18 U.S.C. §§ 371, 513(a), and 1344 (Count One); possessing or uttering counterfeit securities, in violation of 18 U.S.C. § 513(a) (Count Two); and bank fraud, in violation of 18 U.S.C. § 1344 (Counts Three through Eleven). (Indictment (Docket No. 4 in Case No. 3:02-00088)). At the conclusion of trial, Petitioner was convicted on all counts of the Indictment. (Docket Nos. 71, 72 in Case No. 3:02-00088). At the subsequent sentencing hearing, the Court sentenced the Petitioner to a total term of 96 months of imprisonment. (Docket Nos. 114, 115, 120 in Case No. 3:02-00088). The Petitioner filed a notice of appeal. (Docket Nos. 116, 129 in Case No. 3:02-00088).

On appeal, the Sixth Circuit affirmed the Petitioner's conviction, but vacated the sentence and remanded for resentencing pursuant to United States v. Booker 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). United States v. Green, No. 03-6064 (6th Cir. Oct. 28, 2005)(Docket No. 143 in Case No. 3:02-00088). After the re-sentencing hearing, the Court entered an Amended Judgment, sentencing the Petitioner to a total of 96 months of imprisonment. (Docket Nos. 199, 200, 201, 206 in Case No. 3:02-00088). The Court also sentenced the Petitioner to

three years of supervised release. (Docket No. 199, at 3 in Case No. 3:02-00088). One of the special conditions of supervised release limited the Petitioner's computer use:

> 1. The Defendant shall not own, possess or use a computer, printer or check printing supplies without prior approval of the United States Probation Office.

(Id., at 4).

The Petitioner filed a notice of appeal. (Docket Nos. 202, 204 in Case No. 3:02-00088), and the Sixth Circuit affirmed the Amended Judgment. United States v. Green, 242 Fed. Appx. 343, 2007 WL 2692329 (6th Cir. Sept. 12, 2007); (Docket No. 207 in Case No. 3:02-00088).

### III. Analysis

Through the pending Motion, Petitioner requests that the Court modify his terms of supervised release to delete the requirement that he obtain the prior approval of the Probation Office before accessing a computer. The Petitioner states that he has been awarded a full scholarship to study information technology at the New Horizon Computer Learning Center. The Petitioner indicates that he participated in training at the Center for nine months before his Probation Officer advised him that his terms of supervised release prohibited his continued computer training. Petitioner proposes a modified condition, which would permit inspection of his computer equipment by a probation or law enforcement officer with reasonable suspicion.

In its Response (Docket No. 37), the Government argues that the computer-access restriction is reasonably related to the Petitioner's prior criminal activities, and to the goals of deterring him from engaging in further criminal conduct and to protect the public. The Government points out that the Petitioner has repeatedly used his personal computers to

3

manufacture counterfeit checks, resulting in substantial monetary losses.[1]

Subsection 18 U.S.C. § 3583(e)(2) permits the modification of a condition of supervised release at any time prior to the expiration of the supervised release term pursuant to the provisions governing the initial setting of supervised release conditions[2] and in accordance with the applicable procedural rules. The applicable statutory provisions generally require that the conditions be reasonably related to the goals of rehabilitation of the defendant and the protection of the public, and involve no greater deprivation of liberty than is reasonably necessary. See, e.g., United States v. Lowenstein, 108 F.3d 80, 85 (6th Cir. 1997). See also Fed. R. Crim. P. 32.1(c) (Court may modify a condition of supervised release without a hearing if the relief sought is favorable to the defendant and does not extend the term of supervised release, and the Government does not object after having been given an opportunity to do so.)

The Sixth Circuit discussed the imposition of special conditions of supervised release in United States v. Kingsley, 241 F.3d 828, 836-37 (6th Cir. 2001):

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence," including its rationale for mandating special conditions of supervised release. 18 U.S.C. § 3553(c); United States v. Berridge, 74 F.3d 113, 118-19 (6th Cir.1996). Nevertheless, a sentencing court's failure to expressly explain its reason(s) for exacting a particular special condition of supervised release will be deemed harmless error if the supporting reasons are evident on the overall record, and the subject special condition is related to the dual major purposes of probation, namely rehabilitation of the offender and

---

[1] The Government also argues that Petitioner's request is procedurally barred. As the Court denies Petitioner's request on the merits, it is unnecessary to consider the Government's procedural arguments.

[2] Specifically, the court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) in setting the terms and conditions of supervised release.

4

enhancement of public safety. <u>Ritter</u>, 118 F.3d at 504; <u>Berridge</u>, 74 F.3d at 118-19.

General factors material to the trial court's determination of an appropriate criminal sentence include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]
>
> 18 U.S.C. § 3553(a).

Additionally, Congress has directed that any special (that is, non-mandatory) condition of supervised release must satisfy three requirements:

> The court may order, as a further condition of supervised release, to the extent that such condition--
>
>> (1) is reasonably related to the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D) [quoted above];
>>
>> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D) [quoted above]; and
>>
>> (3) is consistent with any pertinent policy statements issued by the

5

>   Sentencing Commission pursuant to 28 U.S.C. § 994(a);
>
>   ... any other condition it considers to be appropriate.
>
>   18 U.S.C. § 3583(d).

(footnotes omitted).

Section 5D1.3(b) of the November, 2002 Guidelines, applicable at the time of Petitioner's sentencing, similarly provides:

> The court may impose other [non-mandatory] conditions of supervised release to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocation training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D1.3(b).

The reasons supporting imposition of the condition restricting Petitioner's access to computers are evident in the record. The Petitioner was convicted in 1998 in this Court of conspiracy to possess and utter counterfeit securities, in violation of 18 U.S.C. § 371, and of possession of counterfeit securities, in violation of 18 U.S.C. § 513. (<u>United States v. Stanley Jerome Green</u>, 210 F.3d 373, 2000 WL 353640 (6th Cir. March 29, 2000); (Docket No. 148 in Case No. 3:97-00015)). Three years later, the Petitioner was again convicted of conspiracy to possess and utter counterfeit securities, in violation of 18 U.S.C. § 371; possession and uttering of counterfeit securities, in violation of 18 U.S.C. § 513; and bank fraud, in violation of 18 U.S.C. § 1344. (<u>United States v. Stanley Jerome Green</u>, Sixth Circuit Order entered Oct. 28,

2005 (Docket No. 143 in Case No. 3:02-00088)). In both cases, the Petitioner used a personal computer and other equipment to create numerous counterfeit checks. (Id.) Indeed, within a very short time after his release from custody on the first crime, the Petitioner engaged in the same conduct, involving a loss exceeding $70,000 and more than 50 victims. (Id.)

The Court's imposition of the restriction on Petitioner's computer use is reasonably related to the goals of protecting the public from further crimes of the Petitioner and of affording adequate deterrence to criminal conduct. Petitioner's use of computers was central to his ability to manufacture the counterfeit checks used in these crimes. In addition, the restriction involves no greater deprivation of liberty than is reasonably necessary for these purposes. The restriction is not overbroad in that the Court does not restrict all computer use, but requires the Petitioner to obtain prior approval by the Probation Office. Although Petitioner argues that the restriction would prevent him from obtaining a weather forecast or reading a newspaper online, he has not shown the Probation Office has been unreasonable in restricting his incidental computer use.

The Court concludes that the requested modification is not warranted, and the Motion is DENIED.

## IV. Conclusion

The claims in Petitioner's Motion To Vacate (Docket No. 1) are dismissed, without prejudice, for failure to prosecute. Petitioner's Motion To Modify Special Conditions of Supervised Release (Docket No. 36) is denied for the reasons set forth herein.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial

of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

8